# In the United States Court of Federal Claims

No. 19-1083C

(Filed: February 28, 2020)

## (NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **LEAH S. CALDWELL,** | ) |
| | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **THE UNITED STATES,** | ) |
| | ) |
| *Defendant.* | ) |

## OPINION AND ORDER

On July 26, 2019, Plaintiff, Leah Caldwell, filed a complaint against Defendant, the United States, with this Court.  Ms. Caldwell primarily alleges that the United States misused the "electronic surveillance act to exploit data collection" and subjected United States citizens, including herself, to "attacks and torture." Compl. at 2.  Ms. Caldwell asserts that she suffered "burns, scars, accelerated arthritis, tinnitus, . . . [and] other physical injury and psychological trauma" because of these alleged attacks.  Compl. at 3.  In that regard, Ms. Caldwell claims that the government's actions violated the Civil Rights Act of 1866, the Thirteenth and Fourteenth Amendments to the Constitution, and the Foreign Intelligence Surveillance Act of 1978 ("FISA").  Compl. at 1.  Ms. Caldwell seeks a court order requiring the United States: to release unidentified, unredacted "FISA applications" related to Ms. Caldwell (and all United States citizens); to cease and desist all electronic surveillance of United States citizens, including Ms. Caldwell; to pay actual damages of $17,520,000 per violation of 50 U.S.C. § 1809-10 that the United States allegedly committed between 1995 and 2019; to pay punitive and exemplary damages of $17,520,000 for torturing Ms. Caldwell; to pay Ms. Caldwell's lifetime medical costs; and to pay her attorney's fees and costs.  Compl. at 3-4.

On September 20, 2019, the United States filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").  The United States also moved to bar Ms. Caldwell's complaint pursuant to 28 U.S.C. § 1500 because Ms. Caldwell filed a "nearly identical" complaint in the United States District Court for the Eastern District of California on July 19, 2019.  On October 9, 2019, Ms. Caldwell responded to the United States' motion, and the United States filed its reply on October 22, 2019.  On November 12, 2019, Ms. Caldwell filed a motion to "Strike Defendant's Reply," which the Court treats as a surreply (and

a motion for leave to file a surreply).[1]  For the reasons explained below, the government's motion is **GRANTED**, and Ms. Caldwell's complaint is **DISMISSED**.

The Court has a responsibility to ensure that it has jurisdiction over any claim presented. *See, e.g., St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court finds that it lacks subject-matter jurisdiction over each claim and, accordingly, dismisses the complaint.

The Tucker Act, 28 U.S.C. § 1491, establishes this Court's jurisdiction and provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a).

In addition to conferring jurisdiction on the Court, the Tucker Act waives the sovereign immunity of the United States "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions[.]" *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *see United States v. Mitchell*, 463 U.S. 206, 212-16 (1983). The Tucker Act, however, "does not create a substantive cause of action[.]" *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" to "come within the jurisdictional reach and the waiver of the Tucker Act[.]" *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)).

Ms. Caldwell is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see, e.g., Troutman v. United States*, 51 Fed. Cl. 527, 531 (2002). The Court, however, "may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met."). The plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

---

[1] Particularly considering Ms. Caldwell's status as a *pro se* litigant, the Court grants Ms. Caldwell's motion for leave to file a surreply.  The Court finds no need for further briefing from the United States.

The starting point for determining whether this Court has jurisdiction is Ms. Caldwell's complaint, which the Court construes liberally. The complaint fails to establish this Court's "jurisdiction to entertain the suit." *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986).

First, this Court has no jurisdiction to adjudicate claims sounding in tort. 28 U.S.C. § 1491(a)(1); *see Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1327 (Fed. Cir. 1997). Ms. Caldwell's complaint — liberally construed — primarily consists of tort allegations. For example, Ms. Caldwell alleges that the United States instituted "electronic surveillance attacks and torture" resulting in "burns, scars, accelerated arthritis, tinnitus, evidence of electromagnetic sensors: semiconductors for frequency management, other physical injury and psychological trauma akin to PTSD." Compl. at 2-3. Ms. Caldwell's complaint also seeks damages that are consistent with tort claims, including punitive and exemplary damages "for the use of torture" and medical costs. Compl. at 3. Indeed, in Ms. Caldwell's response to the United States' motion to dismiss, Ms. Caldwell concedes that her claims sound in tort by erroneously asserting that the Court "does possess both authority and jurisdiction to adjudicate this tort." Pl. Mot. To Set Aside Def. Motion. To Dismiss 2 (Oct. 9, 2019). That, of course, is incorrect given the Tucker Act's explicit "not sounding in tort" jurisdictional restriction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (noting that this Court "lacks jurisdiction over tort actions against the United States").

Second, this Court has no jurisdiction over claims arising under the Civil Rights Act of 1866. *See Searles v. United States*, 88 Fed. Cl. 801, 804 (2009) ("This court does not have jurisdiction over civil rights claims based on [the Civil Rights Act of 1866]."). In any event, Ms. Caldwell has not presented any factual allegations to support her claim, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), nor has she presented any persuasive reasoning for this Court to find jurisdiction over such claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (recognizing that dismissal for lack of subject matter jurisdiction is proper when a claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy").

Third, this Court has no jurisdiction to adjudicate Ms. Caldwell's claims under the Thirteenth or Fourteenth Amendments to the Constitution. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (no jurisdiction over claims arising under the Thirteenth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (no jurisdiction over claims arising under the Due Process or Equal Protection clauses of the Fourteenth Amendment).

Fourth, this Court has no jurisdiction over Ms. Caldwell's claims arising under the FISA. Section 2712(a) of Title 18 of the United States Code expressly waives the sovereign immunity of the United States and permits individuals to sue the government in the United States District Court — not this Court — for the violation of various FISA provisions.[2] While that waiver does

_____

[2] Notably, however, "[a]ny action against the United States under [18 U.S.C. § 2712] may be commenced only after a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act, as set forth in title 28." The Court does not have jurisdiction over tort claims, 28 U.S.C. § 1491, and there is no allegation in the complaint

not apply to Ms. Caldwell's claims under 50 U.S.C. § 1809–10, this Court also lacks jurisdiction over such statutory claims as well. Section 1809 provides for criminal penalties against a "person" who commits certain enumerated prohibited activities, while Section 1810 permits an "aggrieved person" to bring a cause of action "against any person who committed such violation" of 18 U.S.C. § 1809. This Court does not possess jurisdiction over claims arising under those provisions because, at a minimum, would-be plaintiffs can only bring such claims against "persons" in their personal, but not official, capacity, while claims in this Court may only be brought against the United States itself. *See Al-Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 855 (9th Cir. 2012) ("Therefore, we do not interpret the reference to 'person' in [section] 1810 to mean that a government employee is liable in his official capacity."); *Nat'l City Bank of Evansville v. United States*, 163 F. Supp. 846, 852 (Ct. Cl. 1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."); *Delmarva Power & Light Co. v. United States*, 79 Fed. Cl. 205, 213 (2007), *aff'd*, 542 F.3d 889 (Fed. Cir. 2008) ("The Court of Federal Claims and its predecessor courts have never possessed jurisdiction to adjudicate disputes between private parties.").

Fifth, Ms. Caldwell's complaint is virtually identical to her claims in the United States District Court for the Eastern District of California, which are now pending on appeal to the United States Court of Appeals for the Ninth Circuit, and thus this Court lacks jurisdiction pursuant to 28 U.S.C. § 1500.[3] *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1381 (Fed. Cir. 2017) ("[Section] 1500 bars the Court of Federal Claims' jurisdiction over a suit if a plaintiff, upon filing in the Court of Federal Claims, has a suit pending in any other court 'for or in respect to' the same claim."). Ms. Caldwell implicitly admits that the two complaints are identical in her response to the government's motion to dismiss, but nevertheless asks this Court to disregard 28 U.S.C. § 1500 because the "district judges are appointed by [the] presidents" named in her complaint and could have a conflict of interest. Pl. Mot. To Set Aside Def. Motion. To Dismiss 2 (Oct. 9, 2019). This Court rejects Ms. Caldwell's baseless assertion and cannot ignore the plain language of 28 U.S.C. § 1500 in any event.

Finally, after conducting a careful review and liberally construing other various statements in Ms. Caldwell's complaint and briefs to piece together a plausible claim, this Court still finds that it lacks subject-matter jurisdiction. While "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss[,]" *Mendez–Cardenas v. United States*, 88 Fed. Cl. 162, 166–67 (2009), Ms. Caldwell attempted to supplement her complaint and establish jurisdiction in her opposition brief by referencing language in 28 U.S.C. § 1346(a)(2), which provides that contracts with Navy and Marine Corps exchanges

---

suggesting that Ms. Caldwell followed "the procedures of the Federal Tort Claims Act" in any event.

[3] In that action, the United States Magistrate Judge recommended that the United States District Court dismiss Ms. Caldwell's complaint with prejudice, *Caldwell v. Barr*, No. 2:19-CV-01357-TLN-ACPS, 2019 WL 4013585, at *3 (E.D. Cal. Aug. 26, 2019), the United States District Court adopted the Magistrate Judge's recommendation, No. 2:19-CV-01357-TLN-AC, 2019 WL 4879148 (E.D. Cal. Oct. 3, 2019), and Ms. Caldwell has filed an appeal at the Ninth Circuit.

"shall be considered an express or implied contract with the United States."  Ms. Caldwell, however does not allege that she entered into any such contract, nor does her threadbare reference to the statutory language establish a basis for her proposition that this Court possesses "authority and jurisdiction to adjudicate this tort."  Pl. Mot. To Set Aside Def. Motion. To Dismiss 2 (Oct. 9, 2019).  As discussed above, this Court does not have jurisdiction to hear Ms. Caldwell's tort claims.  Ms. Caldwell also attempts to supplement her complaint by lodging allegations that certain entities violated the Administrative Procedure Act ("APA").  This Court has no jurisdiction over APA claims.  *See, e.g.*, *Murphy v. United States*, 993 F.2d 871, 874 (Fed. Cir. 1993); *Faison v. United States*, 102 Fed. Cl. 637, 641 (2012).

Accordingly, the complaint is hereby **DISMISSED**.

It is so **ORDERED**.

Matthew H. Solomson
Judge